GUS MAXWELL
BRIAN UHOLIK
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
gustavus.maxwell@usdoj.gov
brian.uholik@usdoj.gov
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-0135 (Maxwell)
(202) 305-0733 (Uholik)

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, a non-profit corporation, | |
| Plaintiff, | Case No. 3:21-cv-01136-HZ |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MICHAEL REGAN, in his official capacity as Administrator of the Environmental Protection Agency; and MICHELLE PIRZADEH, in her official capacity as Acting Regional Administrator, Environmental Protection Agency Region 10, | DEFENDANTS' ANSWER |
| Defendants. | |

Defendants the United States Environmental Protection Agency, et al. ("EPA"), respond to the numbered paragraphs of the Complaint as follows:

1. This paragraph contains both a description of the Complaint and legal conclusions, neither of which require a response. To the extent that a response is required, EPA denies the allegations.

2. Sentence 1 contains a description of the Complaint and requires no response. To the extent that a response is required, EPA admits that the Complaint arises under Section 303(d) of the Clean Water Act, 33 U.S.C. § 1313(d), and denies that the EPA conduct at issue is unlawful or actionable under that section. Sentence 2 characterizes Section 303(d) of the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same.

3. This paragraph characterizes the Clean Water Act and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the statute and regulations that are contrary to or otherwise not contained in the same.

4. Sentences 1 and 2 characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same. EPA denies the allegations in sentence 3.

5. EPA denies the allegations in sentences 1 and 2. EPA admits only that it approved Oregon's 2014–2020 303(d) list on November 12, 2020. The remaining allegations in this paragraph describe Oregon's 2014–2020 303(d) list and EPA's approval of that list, which

documents speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the 303(d) list or its approval of that list that are contrary to or otherwise not contained in the same.

6. EPA denies the allegations in sentences 1 and 2. The allegations in sentence 3 are unduly vague and ambiguous, and thus EPA lacks knowledge and information sufficient to form a belief as to the truth of the assertions.

7. EPA denies the allegations in sentence 1. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in sentence 2.

8. This paragraph contains legal conclusions that require no response, and quotes from and characterizes a judicial decision, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies characterizations of the decision that are contrary to or otherwise not contained in the same.

9. This paragraph describes the Complaint and requires no response. To the extent that a response is required, EPA denies the allegations.

10. This paragraph contains legal conclusions that require no response, and cites to statutes, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the statutes that are contrary to or otherwise not contained in the same.

11. This paragraph contains legal conclusions that require no response, and cites statutes, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the statutes that are contrary to or otherwise not contained in the same.

12. As to sentence 1, EPA admits only that Plaintiffs provided EPA with a written notice of intent to sue by letter dated April 3, 2021, and denies that this letter met the requirements of 33 U.S.C. § 1365(b)(1)(A). EPA admits the allegations in sentence 2.

13. This paragraph contains a legal conclusion that requires no response, and cites to a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same.

14. This paragraph contains a legal conclusion that requires no response, and cites to a local rule, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the local rule that are contrary to or otherwise not contained in the same.

15. EPA admits the allegations in sentence 1. EPA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

16. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. This paragraph contains a legal conclusion that requires no response. To the extent a further response is required, EPA denies the allegations.

19. EPA admits only that it is one federal agency charged with the administration of the Clean Water Act. The remaining allegations in this paragraph contain legal conclusions that require no response, and cite to a statute, which speaks for itself and is the best evidence of its

contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same.

20. EPA admits the allegations in sentence 1. The remaining allegations in this paragraph contain legal conclusions that require no response, and reference a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same.

21. EPA admits the allegations in sentence 1. The remaining allegations in this paragraph contain legal conclusions that require no response, and reference a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same.

22. This paragraph quotes from and characterizes a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same.

23. This paragraph contains legal conclusions that require no response, and quotes from and characterizes a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same.

24. This paragraph contains legal conclusions that require no response, and characterizes a statute and regulations, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the statute and regulations that are contrary to or otherwise not contained in the same.

25. This paragraph contains legal conclusions that require no response, and characterizes a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same.

26. This paragraph contains legal conclusions that require no response, and quotes from and characterizes a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same.

27. EPA admits the allegations in this paragraph.

28. This paragraph contains legal conclusions that require no response, and cites to several statutes and a judicial opinion, all of which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the statutes and judicial opinion that are contrary to or otherwise not contained in the same.

29. This paragraph contains legal conclusions that require no response, and quotes from and characterizes a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same.

30. This paragraph contains legal conclusions that require no response, and quotes from and characterizes a statute and regulations, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the statute and regulations that are contrary to or otherwise not contained in the same.

31. This paragraph quotes from and characterizes a regulation, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the regulation that are contrary to or otherwise not contained in the same.

32. Sentences 1 and 2 contain legal conclusions that require no response, and characterizes a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same. EPA admits the allegations in sentence 3.

33. EPA admits the allegations in the first two sentences. EPA denies the allegations in sentence 3. Sentence 4 contains legal conclusions that require no response, and characterizes regulations, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the regulations that are contrary to or otherwise not contained in the same.

34. This paragraph contains legal conclusions that require no response, and characterizes a statute and regulations, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the statute and regulations that are contrary to or otherwise not contained in the same.

35. This paragraph contains legal conclusions that require no response, and quotes from and characterizes a regulation, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the regulation that are contrary to or otherwise not contained in the same.

36. This paragraph characterizes EPA guidance, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the guidance that are contrary to or otherwise not contained in the same.

37. This paragraph contains legal conclusions that require no response, and characterizes a statute and regulation, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the statute and regulation that are contrary to or otherwise not contained in the same.

38. This paragraph contains legal conclusions that require no response, and quotes from and characterizes a statute and regulation, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the statute and regulation that are contrary to or otherwise not contained in the same.

39. This paragraph contains legal conclusions that require no response, and quotes from and characterizes a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same.

40. This paragraph contains legal conclusions that require no response, and quotes from and characterizes a regulation, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the regulation that are contrary to or otherwise not contained in the same.

41. The allegations in sentences 1 and 2 contain legal conclusions that require no response, and quote from and characterize a regulation, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any

characterizations of the regulation that are contrary to or otherwise not contained in the same. As to the allegations in sentence 3, EPA avers that states often submit TMDLs addressing given pollutants for multiple Water Quality Limited Segments ("WQLS") in a watershed or subbasin together in a package for EPA approval, and denies any allegation inconsistent with that averment.

42. This paragraph contains legal conclusions that require no response, and quotes from and characterizes a regulation, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the regulation that are contrary to or otherwise not contained in the same.

43. This paragraph contains legal conclusions that require no response, and characterizes a statute and regulation, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the statute and regulation that are contrary to or otherwise not contained in the same.

44. This paragraph contains legal conclusions that require no response, and characterizes a statute and regulation, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the statute and regulation that are contrary to or otherwise not contained in the same.

45. This paragraph quotes from and characterizes two EPA guidance documents, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the guidance documents that are contrary to or otherwise not contained in the same.

46. This paragraph contains legal conclusions that require no response, and quotes from and characterizes judicial opinions, which speak for themselves and are the best evidence

of their contents. To the extent a further response is required, EPA denies any characterizations of the judicial opinions that are contrary to or otherwise not contained in the same.

47. Sentence 1 contains a legal conclusion that requires no response, and characterizes a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same. Sentences 2 and 3 quote from and characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the judicial opinion that are contrary to or otherwise not contained in the same.

48. This paragraph contains a legal conclusion that requires no response, and quotes from a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same.

49. This paragraph contains a legal conclusion that requires no response, and quotes from a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same.

50. This paragraph contains a legal conclusion that requires no response. To the extent a further response is required, EPA denies the allegations in this paragraph.

51. This paragraph contains legal conclusions that require no response, and quotes from a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same.

52. This paragraph contains legal conclusions that require no response, and quotes from a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same.

53. EPA admits the allegations in this paragraph.

54. This paragraph describes a division of the Oregon Department of Environmental Quality's (DEQ) administrative rules, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the DEQ administrative rules that are contrary to or otherwise not contained in the same.

55. EPA admits the allegations in this paragraph.

56. This paragraph contains legal conclusions that require no response, and quotes from a statute and regulation, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the statute and regulation that are contrary to or otherwise not contained in the same.

57. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first clause in sentence 1. The remaining allegations in this paragraph describe a consent decree, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the consent decree that are contrary to or otherwise not contained in the same.

58. The allegation that, "[a]fter seven years, Oregon's TMDL program languished," is unduly vague and ambiguous, and thus EPA lacks knowledge and information sufficient to form a belief as to the truth of the assertion. The remaining allegations in this paragraph describe a complaint and consent decree which speak for themselves and are the best evidence of their

contents. To the extent a further response is required, EPA denies any characterizations of the complaint and consent decree that are contrary to or otherwise not contained in the same.

59. The allegation in the first clause of sentence 1 is unduly vague and ambiguous, and thus EPA lacks knowledge and information sufficient to form a belief as to the truth of the assertion. The remaining allegations in sentence 1 describe a complaint, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the complaint that are contrary to or otherwise not contained in the same. EPA admits the allegations in first two clauses of sentence 2. As to the third clause of sentence 2, EPA avers that by the time the plaintiffs filed Case No. C96-1438 WD, the Agency had approved numerous Oregon TMDL projects covering multiple individual WQLS, and denies any allegations inconsistent with that averment.

60. EPA admits the allegations in this paragraph.

61. The allegations in this paragraph describe a consent decree which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the consent decree that are contrary to or otherwise not contained in the same.

62. EPA denies the allegations in this paragraph.

63. EPA lacks knowledge and information sufficient to form a belief as to the number of WQLS requiring TMDLs that were added to Oregon's 303(d) lists in 2002, 2004/2006, 2010, and 2012. EPA admits only that many of the WQLS requiring TMDLs that were added to the aforementioned 303(d) lists still require TMDLs. Because the allegations are unduly vague as to which WQLS they refer to, EPA lacks sufficient knowledge and information to form a belief as to proportion of those WQLS that still require TMDLs.

64. EPA admits the allegations in this paragraph.

65. EPA admits the first clause in this paragraph. As to the second clause, EPA avers that it termed this 303(d) list Oregon's "2014–2020 list" because it included data from that time period, and denies any allegations inconsistent with that averment.

66. EPA admits the allegations in the first clause of this paragraph. As to the second clause, EPA avers that many WQLS have been re-listed subject to a court order, and that Oregon updated its segmentation since that court order was issued. EPA therefore lacks knowledge and information sufficient to form a belief as to the precise number of WQLS that appear on Oregon's 2014–2020 303(d) list as a result of re-listing due to the referenced court order. As to the third clause of this paragraph, EPA admits only that 439 WQLS that still require TMDLs were first listed in 2012, and denies the remaining allegations.

67. EPA denies the allegation in the first sentence of this paragraph stating that, of the total currently-listed WQLS, Oregon has identified 1,213 as a "high priority" for TMDL development. EPA admits the remaining allegations in this paragraph.

68. Sentence 1 characterizes a statute, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the statute that are contrary to or otherwise not contained in the same. Sentence 2 quotes from a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the judicial opinion that are contrary to or otherwise not contained in the same.

69. EPA denies the allegations in sentence 1. EPA lacks knowledge and information sufficient to form a belief as to the truth of the assertions in sentence 2.

70. Sentence 1 characterizes a complaint, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the complaint that are contrary to or otherwise not contained in the same. EPA lacks knowledge and information sufficient to form a belief as to the truth of the assertions in the first two clauses of Sentence 2. The third clause of sentence 2 and the first clause from sentence 3 quote from and characterize a DEQ memorandum, which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies any characterizations of the memorandum that are contrary to or otherwise not contained in the same. EPA lacks knowledge and information sufficient to form a belief as to the truth of the assertions in the second clause of sentence 3. The allegations in sentence 4 are unduly vague and ambiguous, and thus EPA lacks knowledge and information sufficient to form a belief as to the truth of the assertions.

71. EPA denies the allegations in sentence 1. The allegations in sentences 2 and 4 characterize proposed and final NOAA/EPA findings, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of these documents that are contrary to or otherwise not contained in the same. The allegations in sentence 3 characterize court filings that speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the court filings that are contrary to or otherwise not contained in the same.

72. EPA incorporates by reference its responses to the allegations in Paragraphs 1–71 above.

73. The allegations in sentence 1 characterize Oregon's most recent 303(d) list, which speaks for itself and is the best evidence of its contents. To the extent a further response is

required, EPA denies any characterizations of these documents that are contrary to or otherwise not contained in the same. As to the remaining allegations in this paragraph, EPA avers that Oregon updated its segmentation since the State was ordered by a court to issue replacement temperature TMDLs, and EPA therefore lacks knowledge and information sufficient to form a belief as to which currently-listed WQLS are subject to that court order, as well as which additional temperature WQLS DEQ will include on its 303(d) list along with court-ordered replacement TMDLs.

74. EPA denies the allegations in sentence 1. Sentence 2 characterizes Oregon 303(d) lists, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of these 303(d) lists that are contrary to or otherwise not contained in the same.

75. As to sentence 1, EPA admits only that Oregon listed seven WQLS for ammonia impairment, and denies the remaining allegations. Sentence 2 characterizes Oregon 303(d) lists, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of these 303(d) lists that are contrary to or otherwise not contained in the same.

76. EPA lacks knowledge and information sufficient to form a belief as to the precise WQLS still requiring TMDLs for the Willamette River basin, the Deschutes River basin, and the MidCoast basin. The remaining allegations in this paragraph characterize Oregon 303(d) lists, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of these 303(d) lists that are contrary to or otherwise not contained in the same.

77. EPA denies the allegations in this paragraph.

78. EPA denies the allegations in this paragraph.

79. EPA denies the allegations in this paragraph.

80. EPA incorporates by reference its responses to the allegations in Paragraphs 1–79 above.

81. This paragraph contains legal conclusions that require no response, and quotes from and characterizes regulations and an Oregon integrated report, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, EPA denies any characterizations of the regulations and integrated report that are contrary to or otherwise not contained in the same.

82. EPA admits only that it reviewed Oregon's Priority Ranking and Schedule document, and denies the remaining allegations in this paragraph.

83. EPA denies the allegations in this paragraph.

84. EPA denies the allegations in this paragraph.

85. EPA incorporates by reference its responses to the allegations in Paragraphs 1–84 above.

86. EPA denies the allegations in this paragraph.

87. EPA denies the allegations in this paragraph.

88. EPA denies the allegations in this paragraph.

89. EPA denies the allegations in this paragraph.

90. EPA denies the allegations in this paragraph.

91. EPA incorporates by reference its responses to the allegations in Paragraphs 1–90 above.

92. EPA denies the allegations in this paragraph.

93. EPA denies the allegations in this paragraph.

94. EPA denies the allegations in this paragraph.

**REQUEST FOR RELIEF**

The allegations in the section entitled "REQUEST FOR RELIEF" contain legal conclusions to which no response is required. To the extent a further response is required, EPA denies that Plaintiff is entitled to the requested relief.

**GENERAL DENIAL**

EPA denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

Respectfully submitted on April 18, 2022.

TODD KIM
Assistant Attorney General

*/s/ Gus Maxwell*
GUS MAXWELL (CAL. BAR NO. 326800)
BRIAN S. UHOLIK (PA. BAR NO. 209518)
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
gustavus.maxwell@usdoj.gov
brian.uholik@usdoj.gov
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-0135 (Maxwell)
(202) 305-0733

*Attorneys for Defendants*