IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORTHWEST ENVIRONMENTAL ADVOCATES, a nonprofit organization,

        Plaintiff,

  v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, MICHAEL REGAN, in his official capacity as Administrator of the Environmental Protection Agency, and MICHELLE PIRZADEH, in her official capacity as Acting Regional Administrator Environmental Protection Agency Region 10,

        Defendants,
  and

STATE OF OREGON, by and through the OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY,

        Intervenor-Defendant.

No. 3:21-cv-01136-HZ

OPINION & ORDER

1 – OPINION & ORDER

James Neville Saul
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219

    Attorney for Plaintiff

Gus Maxwell
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, DC 20044

    Attorney for Defendants Environmental Protection Agency and Michelle Pirzadeh

Sadie Forzley
Nina Englander
Oregon Department of Justice
100 SW Market St
Portland, OR 97201

    Attorneys for Defendant State of Oregon

HERNÁNDEZ, District Judge:

Plaintiff Northwest Environmental Advocates ("NWEA"), a nonprofit environmental organization, seeks clarification of the scope of review with respect to three of its four claims in this suit brought under the Clean Water Act ("CWA") and Administrative Procedure Act ("APA"). Plaintiff also seeks leave to take discovery of Defendants Environmental Protection Agency ("EPA") and Department of Environmental Quality ("DEQ") with respect to Claim One, its constructive submission claim. The parties agree that review of Claim Two is limited to the administrative record. For the reasons that follow, the Court holds that the administrative record is open with respect to Claims One, Three, and Four and that the parties may supplement the record with additional documents as appropriate. The Court grants Plaintiff leave to take discovery on Claim One, but only in the form of Requests for Production.

**BACKGROUND**

This case centers on EPA's alleged failure to fulfill its duties under the CWA. In brief, the CWA requires states to assess pollution levels in their waters, rank discrete waterways in order of priority, and submit proposed Total Maximum Daily Loads ("TMDLs") to EPA for approval. *Columbia Riverkeeper v. Wheeler*, 944 F.3d 1204, 1206 (9th Cir. 2019). If the states fail in these obligations, EPA must set the TMDLs. *Id.*

Plaintiff has four claims pending in this matter. Claim One alleges that EPA failed to review and disapprove Oregon's constructively submitted TMDLs as required by the CWA. Compl. ¶¶ 72-79. Claim Two alleges that EPA's approval of Oregon's 2012 priority ranking and prioritization schedule was arbitrary and capricious in violation of § 706(2)(A) of the APA. *Id.* ¶¶ 80-84. Claim Three alleges that EPA failed to determine Oregon's schedule for submitting TMDLs as required by the CWA. *Id.* ¶¶ 85-90. Claim Four alleges in the alternative that EPA's failure to develop a schedule for the development of TMDLs was arbitrary and capricious under § 706(2)(A) of the APA, and an unreasonable delay of agency action under § 706(1) of the APA. *Id.* ¶¶ 91-94. Plaintiff seeks clarification of the scope of review with respect to claims One, Three, and Four only, and seeks leave to take discovery with respect to Claim One only.

Plaintiff filed this action on August 3, 2021. Compl. This Court denied the EPA Defendants' Motion to Dismiss for Failure to State a Claim as to Claims Two, Three, and Four on April 4, 2022. Opinion & Order, ECF 15. The Court granted the State of Oregon's motion to intervene on May 6, 2022. Order, ECF 21. The EPA Defendants filed an administrative record on May 27, 2022. Admin. R., ECF 23. On July 15, 2022, Plaintiff moved for clarification of the scope of review and for leave to take discovery on Claim One. Pl. Mot., ECF 24.

**DISCUSSION**

The parties disagree on what documents and information may be included in the record in this case. As part of their conferral process, Plaintiff submitted a list of eleven topics to EPA and requested that the agency include documents falling within those topics in the record. Saul Decl. ¶ 6, Ex. 2, ECF 25. With the possible exception of the eighth topic, these topics did not identify specific documents; rather, they identified categories of documents. *See id.* DEQ submitted documents to EPA to include in the record. *Id.* ¶ 5, Ex. 1. Plaintiff requested and received from EPA an explanation of how the record was assembled. *Id.* ¶ 8, Ex. 3.

Dissatisfied with the state of the administrative record, Plaintiff now makes two primary arguments in support of expanding its scope. First, Plaintiff argues that, due to the nature of the claims, review is not confined to the administrative record as submitted by EPA for Claims One, Three, and Four. Pl. Mot. 8-13. The EPA Defendants argue that review is confined to the administrative record on all claims, that supplementation of the record is permissible only under narrow circumstances, and that Plaintiff has not demonstrated that such circumstances exist in this case. EPA Def. Resp. 2-17, ECF 28. Intervenor-Defendant DEQ ("Defendant DEQ") takes no position on this issue beyond stating that if the Court permits Plaintiff to supplement the record, it should provide Defendants with the same opportunity. DEQ Def. Resp. 1, ECF 29.

Second, Plaintiff argues that it should be permitted to take discovery with respect to Claim One. Pl. Mot. 13-16. Plaintiff seeks to transform the eleven topics it previously provided to EPA into discovery requests and to take depositions of agency officials, citing to the "one-sided" nature of the record as the primary justification. *Id.* at 13-14. The EPA Defendants respond that the existing record is sufficient and the one-sided nature of the record is not grounds

4 – OPINION & ORDER

for discovery. EPA Def. Resp. 17-20. Defendant DEQ devotes the bulk of its brief to outlining why Plaintiff's proposed discovery is not warranted. DEQ Def. Resp. 2-16.

The Court concludes that the record is open for Claims One, Three, and Four, and that all parties may seek to supplement it with identified documents. Discovery will be permitted on Claim One, but only through Requests for Production.

I.   **Scope of the Administrative Record**

Plaintiff provides two different bases on which it argues that review of Claims One, Three, and Four is not limited to the record as compiled by EPA. First, it argues that Claims One and Three, its CWA claims, are not restricted to the record because the CWA, not the APA, provides the basis of relief. Pl. Mot. 8-10. Second, it argues that Claim Four, its APA unreasonable delay claim, is not restricted to the record because there is no final decision and thus there can be no closed record of a final decision. *Id.* at 11-13. The Court concludes that the existing caselaw on agency inaction covers all three of Plaintiff's claims. It is therefore unnecessary to resolve Plaintiff's first argument.[1]

A.   **Claims Challenging Agency Inaction**

Claims One, Three, and Four all challenge agency inaction. The parties do not dispute that the APA's standard of review governs all three of these claims. EPA Def. Resp. 2-3; Pl. Mot. 9. The EPA Defendants argue that the APA's scope of review also applies, meaning that the Court may not look beyond the agency record. EPA Def. Resp. 4. Defendant EPA is correct that, in general, judicial review of agency decisions is limited to the agency record. *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 602 (9th Cir. 2014). A court considering

---

[1] Plaintiff appears to acknowledge as much in its introduction by highlighting agency inaction as the key distinguishing feature of Claims One, Three, and Four as opposed to Claim Two. Pl. Mot. 3.

evidence outside the record is more likely "'to substitute its judgment for that of the agency.'" *Id.* (quoting *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980)). Courts should therefore avoid reviewing evidence outside the record, particularly when evaluating matters concerning the agency's "special expertise." *Id.*

What qualifies as the "record" depends on the nature of the claim. Where the plaintiff challenges a final decision by the agency, that decision must be evaluated based on the evidence the agency considered in making the decision, and it will sink or swim on that basis. *See id.* at 602-03. In contrast, "when a court considers a claim that an agency has *failed* to act in violation of a legal obligation, 'review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record.'" *San Francisco BayKeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir. 2002) (quoting *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000)).

*San Francisco BayKeeper* involved a constructive submission claim similar to Claim One in the present case: a California environmental group argued that California had failed to establish TMDLs as required under the CWA, and that EPA had a non-discretionary duty to act in the face of the state's inaction. *Id.* at 879. EPA submitted to the court a Program Review document that was created after the case was filed, and the court relied on that document in its adjudication of the CWA claim. *Id.* at 886. The plaintiff objected on appeal, arguing that the document was a "post-hoc staff memorandum" used "to beef up EPA's arguments in this action" and could not properly be considered because it was not before EPA at the time EPA was required to act. *Id.* Ultimately, the Ninth Circuit approved the district court's decision to consider the document, concluding, "[a]s this case concerns agency inaction, there can be no final agency action that closes the administrative record or explains the agency's actions." *Id.*

Courts have also admitted evidence to supplement the record in claims of unreasonable delay under § 706(1) of the APA. In *Friends of the Clearwater*, an environmental organization sought to compel the Forest Service to prepare a Supplemental Environmental Impact Statement ("SEIS") for an area in the Nez Perce National Forest in Idaho based on changed conditions in the time since the original EIS was issued over ten years prior. 222 F.3d at 554-55. Although the National Environmental Policy Act ("NEPA") was the source of the Forest Service's duties, the claim itself was one of delay or inaction under § 706(1) of the APA. *Id.* at 560. The Ninth Circuit concluded that the district court properly considered extra-record studies submitted by the Forest Service because there was no final agency action to limit the record, and the studies were relevant to whether relief should be granted. *Id.* at 560-61. In *Stop B2H Coalition v. Bureau of Land Management*, environmental plaintiffs likewise moved under § 706(1) of the APA to compel an SEIS as required by NEPA. 552 F. Supp. 3d 1101, 1118 (D. Or. 2021). Plaintiffs proffered extra-record materials related to species and features within the affected area that they argued the Bureau of Land Management needed to consider. *Id.* The district court concluded that it needed to consider the materials to determine whether relief should be granted. *Id.* at 1118-19. The district court did decline to consider some of the other documents the plaintiffs provided, such as purported summaries that the court concluded did not qualify as summaries under the rules of evidence. *Id.* at 1119.

The Court draws several conclusions from *San Francisco BayKeeper*, *Friends of the Clearwater*, and *Stop B2H Coalition*. First, there is no closed, final record in failure-to-act cases brought under the CWA or § 706(1) of the APA. Second, the record may be supplemented by

7 – OPINION & ORDER

any party, not merely the agency, as *Stop B2H Coalition* demonstrates.[2] 552 F. Supp. 3d at 1118. Third, the parties seeking to supplement the record in *San Francisco BayKeeper*, *Friends of the Clearwater*, and *Stop B2H Coalition* provided documentary evidence, as opposed to testimony. Finally, the party seeking to supplement the record must adequately justify inclusion of the documents in the record. *See Stop B2H Coal.*, 552 F. Supp. 3d at 1118-19.

In the context of final agency decisions, the record may be supplemented only under four narrow exceptions:

> (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) if "the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith."

*Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (quoting *Sw. Ctr. for Biological Diversity v. United States Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)). The Court agrees with Plaintiff that in cases involving agency inaction, the parties are not limited to the *Lands Council* exceptions. Pl. Reply 10-11, ECF 30. However, a party still must justify any proposed supplementation given the existing record and the evidentiary needs of the case. *See Stop B2H Coal.*, 552 F. Supp. 3d at 1118-19.

In this case, Plaintiffs' Claims One, Three, and Four challenge the EPA's failure to act. Claims One and Three are CWA claims, while Claim Four arises under § 706(1) of the APA. Accordingly, the record is open with respect to those claims and may be supplemented as appropriate by any party.

---

[2] The Court may also take judicial notice of documents not in the record as appropriate. *Oregon Nat. Desert Ass'n v. Bureau of Land Mgmt.*, 625 F.3d 1092, 1112 n.14 (9th Cir. 2010) (taking judicial notice of publicly available Bureau of Land Management handbook and briefs).

8 – OPINION & ORDER

B.     Clean Water Act Claims

Plaintiff argues that Claims One and Three, its CWA claims, are not limited to the record because the APA is not the basis for relief. Pl. Mot. 8-10. The Court briefly addresses this issue without deciding it. In the context of citizen suits under the Endangered Species Act ("ESA"), the Ninth Circuit has held that because the APA does not provide relief, the court may consider evidence outside the record. *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011) (citing *Washington Toxics Coal. v. Env't Prot. Agency*, 413 F.3d 1024, 1030, 1034 (9th Cir. 2005) (holding that the APA did not govern review of a claim under the ESA's citizen suit provision)). In *Kraayenbrink*, the plaintiff submitted several expert declarations, which the court considered because the claim was a citizen suit under the ESA and thus not governed by the APA. 632 F.3d at 497-98.

Courts in the Ninth Circuit have taken different approaches in interpreting and applying *Kraayenbrink*. *Nw. Envtl. Advocates v. U.S. Fish & Wildlife Serv.*, No. 3:18-CV-01420-AC, 2019 WL 6977406, at *13 (D. Or. Dec. 20, 2019) (collecting cases and reviewing different approaches). Defendant DEQ argues that these ESA cases do not apply here because Plaintiff's claims arise under the CWA and involve a narrower inquiry that does not require the type of scientific evidence required in ESA failure-to-consult cases. DEQ Def. Resp. 5-6.

The Court finds it unnecessary to decide this issue and therefore declines Plaintiff's invitation to extend *Kraayenbrink* to CWA cases. The Court has already concluded that the record in this case is open with respect to Plaintiff's CWA claims because they challenge agency inaction. The Court does not believe that *Kraayenbrink* would allow for more or different supplementation in this case as compared to *San Francisco BayKeeper*, which more closely addresses the type of claims Plaintiff brings.

9 – OPINION & ORDER

## II.     Discovery

The Court concludes that part of the discovery Plaintiff seeks on Claim One is warranted. This conclusion follows from the Court's conclusion that the record is open with respect to Claim One because it alleges agency inaction. Several courts have held that discovery may be appropriate in cases challenging failure to act under § 706(1) of the APA. In *Xerces Society for Invertebrate Conservation et al. v. Jewell, et al.*, plaintiff environmental organizations sued the Fish and Wildlife Service ("FWS") under § 706(1) of the APA for failure to process a petition to list a particular species under the ESA. Compl., No. 3:13–cv–1103–MO (D. Or. July 1, 2013). The court denied the defendants' request for a protective order, concluding that "[d]iscovery is warranted in this case both because Defendants' alleged failure to act leaves no final administrative record and because extra-record materials may assist the Court in fashioning an appropriate remedy, if any." Order, No. 3:13–cv–1103–MO (Feb. 6, 2014), ECF 25. Courts in other jurisdictions have likewise held that discovery may be warranted in failure-to-act claims under § 706(1) of the APA. *E.g.*, *Nat'l Law Ctr. on Homelessness & Poverty v. United States VA*, 842 F. Supp. 2d 127, 130 (D.D.C. 2012); *Sierra Club v. U.S. Dep't of Transp.*, 245 F. Supp. 2d 1109, 1119 (D. Nev. 2003).[3]

The Court finds the reasoning of these cases equally compelling with respect to claims of agency inaction under the CWA. The basis of the claim may be different, but the lack of a final record is the same and should be addressed in the same manner. The Ninth Circuit has implicitly recognized as much in relying on *Friends of the Clearwater*, a case addressing a claim under §

---

[3] Plaintiff cites to two cases, *Oregon National Desert Association v. Kimbell*, 593 F. Supp. 2d 1217 (D. Or. 2009) and *Wild Fish Conservancy v. National Park Service*, No. C12–5109 BHS, 2012 WL 5384896 (W.D. Wash. Nov. 1, 2012). The Court has reviewed those cases and does not find them persuasive in this matter.

10 – OPINION & ORDER

706(1) of the APA, to approve consideration of extra-record material in *San Francisco BayKeeper*, which addressed a constructive submission claim under the CWA similar to Plaintiff's Claim One. *See San Francisco BayKeeper*, 297 F.3d at 886 (quoting *Friends of the Clearwater*, 222 F.3d at 560).

In evaluating the appropriate scope of discovery, the Court is guided by the cases addressing the scope of the administrative record and the circumstances under which it may be supplemented, as these logically guide the circumstances under which discovery is appropriate. *See, e.g.*, *Stop B2H Coal.*, 552 F. Supp. 3d at 1118-19.

Plaintiff's contemplated discovery includes three components. First, Plaintiff seeks to serve "a set of requests for production of documents under Rule 34, directed to both EPA and DEQ, consistent with the eleven topics previously provided to those agencies." Pl. Mot. 14. Second, Plaintiff seeks "to take discovery related to EPA's May 2022 TMDL Synopsis document." *Id.* at 15. Third, Plaintiff seeks to depose agency officials. *Id.* at 16.

The Court grants Plaintiff's request with respect to the first component only. Plaintiff may serve Defendants with Requests for Production. Plaintiff's requests should be narrowed to focus on documents that will help the Court assess whether relief should be granted. *See* Order, *Xerces Society*, No. 3:13–cv–1103–MO, ECF 25; *Stop B2H Coal.*, 552 F. Supp. 3d at 1118-19.

With respect to the second component, the parties agree that the Court may consider the synopsis document. Def. Resp. 18-19; Pl. Reply 17. Plaintiff asserts that this document gives rise to a right of discovery because it is self-serving. Pl. Mot. 15-16; Pl. Reply 17. But nothing in the caselaw indicates that a plaintiff gains a right to discovery whenever an agency record includes a self-justifying document. The potentially self-serving nature of EPA's synopsis may be relevant in evaluating EPA's decisionmaking, but it does not give rise to a right of discovery.

11 – OPINION & ORDER

With respect to the third component, Plaintiff's argument in favor of permitting depositions does not cite to a single case explicitly allowing depositions of agency officials under circumstances like this case. The Court believes that document requests are sufficient in this matter and declines to grant leave to take depositions.

## CONCLUSION

Plaintiff's Motion to Clarify Scope of Review and for Leave to Take Discovery on Its Clean Water Act Constructive Submission Claim [24] is GRANTED in part and DENIED in part. The record is open and may be supplemented with respect to Claims One, Three, and Four. Plaintiff may serve Defendants with a set of Requests for Production with respect to Claim One, consistent with the limitations described in this Order, but may not pursue other discovery. The parties shall contact the Court's Courtroom Deputy within 14 days of this Order to schedule a status conference. The parties shall confer ahead of the status conference and come prepared to discuss a case schedule.

IT IS SO ORDERED.

DATED: __October 24, 2022__.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　MARCO A. HERNÁNDEZ
　　　　　　　　　　　　　　　　　United States District Judge

12 – OPINION & ORDER